UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ZEBADIAH JEROME COMB,  ) Case No. CV 18-2646 FMO(JC)
          Petitioner,   )
                        )  ORDER (1) CONSTRUING
     v.                 )  PETITION AS 28 U.S.C.
                        )  § 2255 MOTION; AND
UNITED STATES OF AMERICA[], ) (2) DISMISSING PETITION AND
                        )  ACTION WITHOUT PREJUDICE
          Respondent.   )
                        )
_____

**I.     SUMMARY**

On March 21, 2018, petitioner Zebadiah Jerome Comb, a federal inmate proceeding *pro se*, who is in the custody in the Central District of California, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) ("Petition"). Petitioner challenges a judgment and conviction in the United States District Court for the Southern District of Texas ("SDTX District Court") in Case No. 4:13-cr-575-6 ("SDTX Case"), claiming that he was deprived of due process and the effective assistance of counsel, that he was improperly detained and arrested without a warrant or probable cause and based upon perjured testimony, and that his cell phone was improperly seized without a warrant.

///

1    Based on the record (including facts as to which this Court takes judicial
2 notice as detailed below) and the applicable law, this Court construes the Petition
3 to be a motion under 28 U.S.C.§ 2255 ("Section 2255") to vacate, set aside, or
4 correct the sentence imposed in the SDTX Case, and dismisses the Petition and this
5 action without prejudice because the Court lacks jurisdiction.

## II.    BACKGROUND[1]

On November 25, 2013, a Superseding Indictment was filed in the SDTX Case charging petitioner and others with aiding and abetting an armed bank robbery (count one), aiding and abetting the carrying and brandishing of a firearm during and in relation to a crime of violence, *i.e.*, bank robbery (count two), and conspiring to carry and brandish a firearm during and in relation to a crime of violence, *i.e.*, bank robbery (count three). On April 11, 2014, pursuant to an agreement with the government, petitioner pleaded guilty to count one of the Superseding Indictment, agreed to waive his right to appeal the conviction, the sentence, and the manner in which the sentence was imposed, and agreed to waive his right to contest his conviction or sentence by means of any post-conviction proceeding including proceedings under Section 2255. On September 17, 2015, the court sentenced petitioner to a total of 188 months imprisonment and, in accordance with the plea agreement, dismissed the remaining counts on the government's motion. Judgment was entered on September 18, 2015.

Notwithstanding the appeal waiver provisions in the plea agreement, on September 17, 2015, petitioner filed a notice of appeal, indicating that he was appealing both his conviction and sentence, and thereby initiating the Fifth Circuit

---

[1]Unless otherwise indicated, the facts in this section are derived from the Petition and court records in the SDTX District Court in the SDTX Case and in the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") in United States of America v. Zebadiah Comb, Fifth Circuit Case No. 15-20531 ("Fifth Circuit Action"), of which this Court takes judicial notice. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of court records).

2

Action. On January 20, 2016, petitioner's appointed appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) ("Anders Brief"), reflecting that counsel had reviewed the entire record, had identified no legally non-frivolous question to present on appeal, and was certifying that the government intended to enforce the appeal waiver provision in petitioner's plea agreement. On February 4, 2016, petitioner filed a response to the Anders Brief ("Anders Response"), challenging the plea based upon the asserted lack of a factual basis therefor, challenging the sentence on multiple grounds, and claiming that the appeal waiver was void because it was tainted by his counsel's legal advisement. On June 21, 2016, the Fifth Circuit dismissed petitioner's appeal as frivolous, indicating that it concurred with petitioner's counsel's assessment that the appeal presented no non-frivolous issue for appellate review. The mandate issued on July 13, 2016.

On July 25, 2016, petitioner filed a motion under Section 2255 to vacate, set aside, or correct sentence by a person in federal custody with a supporting memorandum (collectively "SDTX 2255 Motion") in the SDTX Case, essentially claiming that his counsel had been ineffective in advising him to plead guilty and in not raising the sentencing issues asserted in the Anders Response, and that his appellate counsel had been ineffective in not raising the issues asserted in the Anders Response. On November 14, 2016, respondent filed a Motion for Summary Judgment/Answer to the SDTX 2255 Motion. On December 30, 2016, the SDTX District Court issued a Memorandum Opinion and Order granting the government's Motion for Summary Judgment and denying the SDTX 2255 Motion both because petitioner had waived his right to seek relief under Section 2255 in the plea agreement and because none of petitioner's claims had any merit. Although petitioner thereafter filed multiple other motions in the SDTX District Court seeking relief relative to his sentence, he did not seek any further relief from the Fifth Circuit.

///

As noted above, petitioner filed the Petition in the instant action on March 21, 2018, challenging the judgment in the SDTX Case.

### III. DISCUSSION

A federal inmate's petition to challenge the legality of his conviction and sentence must generally be filed under Section 2255 in the district in which he was convicted and sentenced, whereas a petition to challenge the manner, location, or conditions of the execution of the sentence must be brought under 28 U.S.C. § 2241 ("Section 2241") in the custodial district. See Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). A federal prisoner may file a habeas corpus petition pursuant to Section 2241 to contest the legality of his conviction or sentence only where his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (citing and quoting Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007)), cert. denied, 568 U.S. 1173 (2013). The "inadequate or ineffective" exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) (as amended) (citation omitted), cert. denied, 540 U.S. 1051 (2003). Section 2255's remedy is not "inadequate or ineffective" merely because Section 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. Id. (citation omitted); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000).

The present Petition falls squarely within the purview of Section 2255 because petitioner seeks to challenge the judgment in the SDTX Case. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive 2255 motions."). Accordingly, it does not fall within this Court's Section 2241 jurisdiction unless petitioner can meet the criteria of the "savings clause," *i.e.*,

///

unless he can show that a Section 2255 motion is inadequate or ineffective to test the legality of his detention.

Nothing in the record reflects that a Section 2255 motion is an inadequate or ineffective remedy and petitioner has not so demonstrated. See Jackson v. Slade, 2004 WL 1083351, *2 (C.D. Cal. Apr. 6, 2004) (burden of coming forward with evidence to show inadequacy or ineffectiveness of motion under section 2255 rests squarely on petitioner) (citing Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.), cert. denied, 534 U.S. 1001 (2001)). The fact that the SDTX District Court denied the SDTX 2255 Motion does not so establish. Aside from a duplicative claim that his counsel was ineffective at sentencing which has already been rejected on the merits by the SDTX District Court, it does not appear that petitioner has even attempted to assert any of his instant claims in the SDTX District Court or that he has attempted to seek leave from the Fifth Circuit to file a second or successive petition in the SDTX District Court asserting the same. While petitioner may ultimately be unable to pursue his instant claims in the SDTX District Court because of the gatekeeping bar against the filing of second or successive petitions, the above authorities establish that such an outcome would not render a Section 2255 motion an inadequate or ineffective remedy so as to permit petitioner to pursue such claims via Section 2241 in the Central District of California. Accordingly, the Court construes the Petition to be a Section 2255 motion.[2]

This Court does not have jurisdiction to consider such a Section 2255 motion because petitioner was not convicted in this district. Accordingly, the present application must be either dismissed or transferred to the SDTX District

---

[2] As this is not petitioner's "first" Section 2255 motion, Castro v. United States, 540 U.S. 375, 383 (2003) (court cannot recharacterize *pro se* litigant's motion as litigant's first Section 2255 motion unless court informs litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent Section 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw or to amend the filing) is not applicable.

5

Court where petitioner was convicted. As noted above, petitioner has previously filed a Section 2255 motion challenging the judgment in issue. The present Petition/Section 2225 motion is thus successive and cannot be entertained by the SDTX District Court unless and until authorized by the Fifth Circuit. It would thus be futile to transfer this action to the SDTX District Court for consideration as a Section 2255 motion. Therefore, the present Petition should be dismissed without prejudice for lack of jurisdiction. Petitioner's remedy is to apply to the Fifth Circuit for leave to file a successive Section 2255 motion in the SDTX District Court.

## IV. ORDERS

IT IS THEREFORE ORDERED:

1. The Petition is construed as a motion arising under Section 2255.
2. The Petition/Section 2255 motion and this action are dismissed without prejudice for lack of jurisdiction.
3. The Clerk is directed to enter Judgment accordingly.

IT IS SO ORDERED.

DATED: April 9, 2018

_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE